## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **JAMES BOYD, as Administrator** | ) |
| **and/or Personal Representative of the** | ) |
| **Estate of Linda Ann Boyd, deceased;** | ) |
| **HAROLD TRUMAN PAGE, as** | ) |
| **Administrator and/or Personal** | ) |
| **Representative of the Estate of Myrtle** | ) |
| **Ruth Payne-Page, deceased; and** | ) |
| **FEDERICK PAYNE, individually;** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   CASE NO. _____ |
| | ) |
| **WYATT D. DAVIS, individually; and** | ) |
| **SENIOR MOVING COMPANY, INC.,** | ) |
| **a Foreign For Profit Corporation;** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Senior Moving Company, Inc. ("Senior Moving") hereby notices its removal of this action pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1). In support of removal, Senior Moving states as follows:

**I.      BACKGROUND**

1.      The underlying action arises out of a July 26, 2021 motor vehicle accident in which Linda Ann Boyd and Myrtle Ruth Payne-Page were killed.  (*See* Exhibit A hereto, Complaint at ¶¶ 8-11).  Frederick Payne also sustained personal injuries while driving the same vehicle.  (*Id*. at ¶ 11).  It is undisputed that the accident occurred when "the vehicle was struck in the rear end by a vehicle driven on Interstate 20/59 by Wyatt Davis."  (*Id*.) (emphasis added).

2.      On January 27, 2022, civil proceedings were commenced in the Circuit Court of Greene County, Alabama and docketed as case number CV-2022-900006.  (*Id*.).

3. In addition to asserting claims against Wyatt Davis, the Complaint also named Senior Moving as a defendant on the theory that a <u>prior accident</u> by one of its drivers had caused traffic to slow and thereby led to circumstances under which Wyatt Davis ultimately struck the vehicle occupied by Frederick Payne, Myrtle Ruth Payne-Page, and Linda Ann Boyd. (*Id*. at ¶¶ 9-11). That prior accident, however, occurred at approximately 12:30 a.m.—over nine and a half hours before the 10:05 a.m. accident caused by Wyatt Davis. (*Id.*). Indeed, law enforcement personnel had been on-scene over three hours prior to the second accident. (*Id*.). The timeline of events stated in the Complaint is confirmed by official public records prepared by the Alabama Law Enforcement Agency. (*See* Exhibits B & C hereto).

4. Senior Moving now seeks to remove proceedings to this Court on the basis of diversity jurisdiction.

## II.     JURISDICTION

5. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Senior Moving submits that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different States.

### A. The amount-in-controversy requirement is conclusively satisfied in an action alleging two claims for wrongful death.

6. When no specific monetary amount has been requested, it is well settled that the removing defendant merely has to prove by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the jurisdictional threshold. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

7. The Complaint in this action seeks to recover unspecified monetary damages for the deaths of Linda Ann Boyd and Myrtle Ruth Payne-Page. (*See* Exhibit A hereto, Complaint at Count I). Because the measure of damages recoverable under Alabama's Wrongful Death Act is exclusively punitive in nature, the Eleventh Circuit has recognized that the amount-in-controversy generally will be presumed as "more likely than not" exceeding $75,000.00 so as to satisfy the jurisdictional requirement of 28 U.S.C. § 1332(a). *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065–66 (11th Cir. 2010).

8. As here, *Roe* was a wrongful death action in which the plaintiff generically requested damages "in an amount to be determined by a jury." *Id*. at 1060. Although no specific amount of damages was requested, the removing defendant argued that it was "facially apparent" that the case met the $75,000.00 amount-in-controversy requirement. *Id*. The district court agreed, and the plaintiff appealed. *Id*. In examining whether the defendant had met its burden of demonstrating amount-in-controversy, the Eleventh Circuit noted that its precedent "permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id*. at 1061-62 (quoting *Pretka v. Kilter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). The Eleventh Circuit further noted that "a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.'" *Id*. (quoting *Pretka*, 608 F.3d at 770).

9. After concluding that a court is authorized to "rely[] on its judicial experience and common sense," the Eleventh Circuit engaged in the following analysis:

> In calculating a damage award, an Alabama Wrongful Death Act jury is instructed to consider: (1) the finality of death, (2) the propriety of punishing the defendant, (3) whether the defendant could have prevented the victim's death, (4) how difficult it would have been for the defendant to have prevented the death, and (5) the public's interest in deterring others from engaging in conduct like the defendant's. *Tillis Trucking,* 748 So. 2d at 889. In assessing punitive damages, the worse the

3

> defendant's conduct was, the greater the damages should be. *See Ala. Power Co. v. Turner,* 575 So. 2d 551, 554–55 (Ala. 1991); *Alabama Pattern Jury Instructions: Civil* 11A.28 (2d ed.).
> . . . .
> Viewed in light of these factors, judicial experience and common sense dictate that the value of Roe's claims (as pled) more likely than not exceeds the minimum jurisdictional requirement.

*Id*. at 1063–65. The *Roe* court additionally observed that the public policy behind Alabama's Wrongful Death Act is to place a value on human life that is "beyond measure." *Id. at* 1065 (quoting *Campbell v. Williams*, 638 So. 2d 804, 811 (Ala. 1994)).

10. Judicial experience and common sense mandate the same finding in this case, *i.e.*, that the amount-in-controversy more likely than not exceeds $75,000.00 as required for establishing jurisdiction under 28 U.S.C. § 1332(a). *See Roe*, 613 F.3d at 1064 ("[W]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled."); *see also Speed v. Gestamp N. Am., Inc.*, No. 2:16-cv-01109-MHH, 2017 WL 4680415 at * 2 (N.D. Ala. Oct. 18, 2017).

   **B.    Complete diversity exists between the parties.**

11. According to Complaint, Frederick Payne and Linda Ann Boyd should be deemed citizens of Sumter County, Alabama (*see* Exhibit A hereto, Complaint at ¶¶ 3), and Wyatt Davis at all relevant times has been a citizen of Pearl River County, Mississippi. (*Id*. at ¶ 4).

12. Senior Moving is a Texas corporation with a principal place of business in Farmers Branch, Texas and therefore is deemed under 28 U.S.C. § 1332(c)(1) to be a citizen of Texas for purposes of diversity jurisdiction. (*See* Exhibit D hereto).

13. The Complaint attempts to defeat an otherwise complete diversity of citizenship by alleging that Plaintiff Harold Truman Page and decedent Myrtle Ruth Payne-Page should both be deemed citizens of Kemper County, Mississippi. (*Id.* at ¶ 2).

14. The personal citizenship status of Plaintiff Harold Truman Page, however, is wholly irrelevant to the diversity jurisdiction analysis. Plaintiff Page only purports to be a party to this action in his capacity as "Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page." (*Id.*). As a matter of federal law, it is the citizenship status of <u>the decedent</u> that is controlling. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").

15. Although the Complaint does allege that decedent Myrtle Ruth Payne-Page also was a citizen of Kemper County, Mississippi (*Id.*), Senior Moving contends that evidence reflects she was actually a citizen of Alabama at the time of her death:

a. the Alabama Uniform Traffic Crash Report listed her as having a residential address in Emelle, Alabama (*see* Exhibit C hereto);

b. local media reports of the accident by the Sumter County Record-Journal likewise identified her as residing in Emelle, Alabama (*see* Exhibit E hereto);

c. church records reflect that she attended and served as a minister for New Mt. Calvary Missionary Baptist Church in Geiger, Alabama (*See* Exhibit F hereto);

d. social media posts by family members show her residing in Geiger, Alabama (*See* Exhibit G hereto);

e. upon information and belief, she maintained an Alabama Driver License; and

f. perhaps most significantly, published voter lists show that she was registered to vote in Sumter County, Alabama. (*See* Exhibit H hereto).

5

Such evidence demonstrates that, at least in the period immediately preceding her death, Myrtle Ruth Payne-Page was domiciled in the State of Alabama and thus must be deemed an Alabama citizen.[1]

16. Because a complete diversity of citizenship exists between all plaintiffs and all defendants, and because the amount-in-controversy threshold is satisfied, jurisdiction to support removal exists pursuant to 28 U.S.C. 1332(a).

### III. PROCEDURAL COMPLIANCE

17. Pursuant to 28 U.S.C. § 1446(b)(1), removal is timely in that it is being noticed within 30 days of commencement of Greene County Circuit Court case number CV-2022-900006.

18. Pursuant to 28 U.S.C. § 1446(a), venue is proper in that the Greene County Circuit Court is located within the Western Division of the United States District Court for the Northern District of Alabama.

19. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Senior Moving is submitting herewith a written consent to removal executed on behalf of Wyatt Davis. (*See* Exhibit I hereto).

20. Pursuant to 28 U.S.C. § 1446(d), Senior Moving is serving this Notice of Removal upon opposing counsel and otherwise shall file a copy of this Notice of Removal with the Greene County Circuit Court Clerk in case number CV-2022-900006.

21. Pursuant to 28 U.S.C. § 1446(a), Senior Moving is submitting herewith a copy of all process, pleadings, and orders from Greene Court Circuit Court case number CV-2022-900006. (*See* Exhibit A hereto).

---

[1] Upon information and belief, the decedent was physically infirm at the time of her death. Upon further information and belief, the decedent's caretakers and health care providers were located in Alabama.

**WHEREFORE**, Senior Moving Company, Inc. hereby removes this action from the Circuit Court of Greene County and respectfully requests that this Court accept jurisdiction over further proceedings as though the action had originally been initiated in this forum.

Respectfully submitted,

/s/Chad W. Bryan
**CHAD W. BRYAN (ASB: 7754-H71B)**
**JOSEPH R. LATHAM (ASB: 3044-S14R)**
*Attorneys for Senior Moving Company, Inc.*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL  36102-2069
Telephone: (334) 241-8034
Facsimile:  (334) 241-8234
Email: chad.bryan@chlaw.com
         jostph.latham@chlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of February 2022, a copy of this document is being served by electronic and U.S. Mail to counsel for the plaintiffs as indicated below:

Silas G. Cross, Jr.  
Justin L. Smith  
CROSS & SMITH, LLC  
907 17th Avenue  
Tuscaloosa, AL 35401  
Email: dell.cross@crossandsmith.com  
        justin.smith@crossandsmith.com


Nathan G. Watkins, Jr.  
Richard G. Cross  
WATKINS CROSS, LLC  
Post Office Box 1528  
Livingston, AL 35470  
Email: mwatkins@watkinscross.com  
        rcross@watkinscross.com

I further certify that a copy of the foregoing also is being served on this date via U.S. Mail to the following parties:

Wyatt D. Davis  
1025 Old Highway 11  
Picayune, MS 39466


                                                       /s/Chad W. Bryan_____  
                                                        **OF COUNSEL**