

FILED
2022 Feb-28  AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## NOTICE OF REMOVAL

# Exhibit "A"

DOCUMENT 1

| State of Alabama<br><br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>35<br><br>Date of Filing:<br>01/27/2022 | ELECTRONICALLY FILED<br>1/27/2022 3:16 PM<br>35-CV-2022-900006.00<br>CIRCUIT COURT OF<br>GREENE COUNTY, ALABAMA<br>VERONICA MORTON-JONES, CLERK<br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA
### JAMES BOYD ET AL v. WYATT D DAVIS ET AL

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☐ Business ☑ Individual
         ☐ Government ☐ Other                     ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

         R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| SMI273 | 1/27/2022 3:16:09 PM | /s/ JUSTIN L SMITH |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
1/27/2022 3:16 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **JAMES BOYD, as Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased; HAROLD TRUMAN PAGE, as Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page, deceased; FREDERICK PAYNE, individually;** | § § § § § § § § § | |
| **Plaintiffs;** | § § | |
| v. | § § | **Case No:  CV-2022-_____** |
| **WYATT D. DAVIS, individually; SENIOR MOVING COMPANY, INC., a Foreign For Profit Corporation;** | § § § § § | |
| **Defendants.** | § | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1.     Plaintiff James Boyd is the duly appointed Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased. This action is brought by James Boyd, Plaintiff, as Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased, pursuant to Code of Alabama, 1975, § 6-5-410 et seq. for the wrongful death of Linda Ann Boyd.  At all times relevant hereto, Linda Ann Boyd, deceased, was a citizen and resident of Sumter County, Alabama.  At all times relevant hereto, James Boyd was and is a citizen and resident of Sumter County, Alabama.

2.     Plaintiff Harold Truman Page is the duly appointed Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page, deceased. This action is brought by Harold Truman Page, Plaintiff, as Administrator and/or Personal

Representative of the Estate of Myrtle Ruth Payne-Page deceased, pursuant to Code of

Alabama, 1975, § 6-5-410 et seq. for the wrongful death of Myrtle Ruth Payne-Page. At

all times relevant hereto, Myrtle Ruth Payne-Page, deceased, was a citizen and resident of

Kemper County, Mississippi. At all times relevant hereto, Harold Truman Page was and

is a citizen and resident of Kemper County, Mississippi.

3.      Plaintiff Frederick Payne is an adult individual and at all times relevant

hereto was and is a citizen and resident of Sumter County, Alabama.

4.      Defendant Wyatt D. Davis is an adult individual and at all times relevant

hereto was and is a citizen and resident of Pearl River County, Mississippi.

5.      Defendant Senior Moving Company, Inc. ("Senior Moving Company") is

a foreign for-profit corporation, and at all times relevant hereto, was and is doing

business in Greene County, Alabama.

6.      At all times relevant hereto, Kurt Macaluso acted as an agent, servant

and/or employee of Defendant Senior Moving Company and acted at all times within the

line and scope of the agency, service, and/or employment so that Defendant Senior

Moving Company is vicariously liable for the conduct of Kurt Macaluso.

7.      The negligence and/or wantonness of the Defendants, as alleged herein,

combined and concurred to cause the deaths of Linda Ann Boyd and Myrtle Ruth Payne-

Page and physical injuries to Frederick Payne and/or the Defendants acted in concert.

## FACTUAL SUMMARY

8.      Plaintiffs adopt and incorporate herein by reference all prior paragraphs of

this Complaint.

DOCUMENT 2

9.      On July 26, 2021, on Interstate 20/59 North between Greene County Road 133 and Greene County Road 131 at or near Mile Post 36.8 in Greene County, Alabama, at approximately 12:30 a.m., Kurt Macaluso, while driving a moving truck for Senior Moving Company, fell asleep and the truck left the roadway off the left shoulder and crashed into a cable barrier. The truck remained wedged in the cable barrier for the next several hours with no effort made to remove the truck from the interstate area despite the fact the traffic volume on the interstate is lightest during the early morning hours. In fact, the truck was still wedged in the cable barrier when Alabama State Troopers arrived at the scene at approximately 6:40 a.m. The Alabama State Troopers were not notified of the collision until 5:45 a.m.

10.     Between approximately 6:40 a.m. and approximately 10:05 a.m., efforts were undertaken on Interstate 20/59 North at the same location to dislodge the truck from the cable barrier and remove the truck from the interstate area, blocking parts of the northbound lanes on Interstate 20/59 North and resulting in a traffic back-up at a time of heavy traffic volume.

11.     At approximately 10:05 a.m., on the same date, a vehicle driven by Frederick Payne and occupied by Linda Ann Boyd and Myrtle Ruth Payne-Page was stopped on Interstate 20/59 North between Greene County Road 133 and Greene County Road 131 at or near Mile Post 36.5 because of the traffic back-up caused by efforts to remove the moving truck from the interstate area. At that approximate time and location, their vehicle was struck in the rear end by a vehicle driven on Interstate 20/59 North by Wyatt Davis causing physical injuries to Frederick Payne and causing the deaths of Linda Ann Boyd and Myrtle Ruth Payne-Page.

3

## COUNT I

12.     Plaintiffs adopt and incorporate herein by reference all prior paragraphs of this Complaint.

13.     On July 26, 2021, at approximately 12:30 a.m., on Interstate 20/59 in Greene County Alabama, Kurt Macaluso negligently and/or wantonly operated a truck in such a manner as to cause it to collide with a cable barrier where it remained wedged for several hours. In addition, Kurt Macaluso and/or Senior Moving Company negligently and/or wantonly failed to notify law enforcement officers within a reasonable time and otherwise negligently and/or wantonly failed to take reasonable measures within a reasonable time to remove the truck from the interstate area where it created a hazardous condition for other motorists and/or is (are) guilty of continuing negligence and/or wantonness in permitting the disabled truck to remain on or about the interstate from the time of the collision with the cable barrier until the time of the rear end collision by Wyatt Davis.

14.     At the aforesaid time and place, Kurt Macaluso was an agent, servant and/or employee of the Defendant Senior Moving Company and was acting within the line and scope of the agency, service and/or employment so that Defendant Senior Moving Company is vicariously liable for the negligence and/or wantonness of Kurt Macaluso.

15.     On July 26, 2021, at approximately 10:05 a.m., on Interstate 20/59 in Greene County Alabama, Defendant Wyatt Davis negligently and/or wantonly operated a motor vehicle in such a manner as to cause it to collide with the vehicle occupied by Plaintiffs.

16.     The negligent and/or wanton acts of Senior Moving Company and Wyatt Davis combined, concurred, or coalesced to produce the deaths of Linda Ann Boyd and Myrtle Ruth Payne-Page and the injuries and damages suffered by Frederick Payne so that they are jointly and severally liable for these deaths and injuries.

17.     As a proximate result of the negligence and/or wantonness of Defendants, Linda Ann Boyd, deceased, was caused to die.

18.     As a proximate result of the negligence and/or wantonness of Defendants, Myrtle Ruth Payne-Page, deceased, was caused to die.

19.     As a proximate result of the negligence and/or wantonness of Defendants, Plaintiff Frederick Payne was caused to suffer the following damages and injuries:

    a.     Frederick Payne was caused to suffer bodily injuries, including but not limited to his neck and back;

    b.     Frederick Payne was caused to incur medical expenses for medicine, hospital, physician's fees, and other related medical charges for health care; further, he will be caused to continue to incur medical expenses for medicine, hospital, physician's fees, and other related charges for health care in the future;

    c.     Frederick Payne suffered pain and suffering from the said injuries caused by the conduct of the Defendant; further, he will be caused to continue to suffer pain and suffering in the future;

    d.     Frederick Payne suffered mental anguish and/or emotional distress from said injuries caused by the conduct of the Defendant; further, he will be caused to continue to suffer mental anguish and/or emotional distress in the future;

    e.     Frederick Payne was caused to be unable to pursue many of his normal and usual activities; further, he will continue to be unable to pursue many of his normal and usual activities in the future;

        f.      Frederick Payne was caused to incur various out-of-pocket expenses as a result of his injuries; and/or

        g.      Frederick Payne has been permanently injured and/or permanently impaired.

20.    Plaintiff, Frederick Payne, also claims punitive damages of the Defendants due to the Defendants' wanton conduct.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against Defendants, jointly and severally, for compensatory and punitive damages, in amounts to be determined by a struck jury, plus interest and cost.

<u>**JURY DEMAND**</u>

Plaintiffs demand a struck jury for the trial of this cause.

**CROSS & SMITH, LLC**

/s/ *Justin L. Smith*
Silas G. Cross, Jr.  (CRO-049)
Justin L. Smith (SMI-273)
907 17th Avenue
Tuscaloosa, AL 35401
Telephone:  (205) 391-9932
Facsimile:  (205) 391-9557
E-mail:  dell.cross@crossandsmith.com
E-mail:  justin.smith@crossandsmith.com

**WATKINS CROSS, LLC**

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
226 South Washington Street
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

**PLAINTIFFS' ADDRESSES:**

James Boyd, Personal Representative of the Estate of Linda Ann Boyd, deceased
3626 Sumter 24
Emelle, AL 35459

Harold Truman Page, Personal Representative of the Estate of Myrtle Ruth Payne-Page
2310 Eugene Page Road
Porterville, MS 39352

Frederick Payne
131 Pinson Road
Emelle, AL 35459

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL, RETURN-RECEIPT REQUESTED AS FOLLOWS:**

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

DOCUMENT 5



ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

JAMES BOYD, as Administrator            §
and/or Personal Representative of the   §
Estate of Linda Ann Boyd, deceased;     §
HAROLD TRUMAN PAGE, AS                  §
Administrator and/or Personal           §
Representative of the Estate of Myrtle  §
Ruth Payne-Page, deceased;              §
FREDERICK PAYNE, individually;          §
                                        §
    Plaintiffs;      §
                                        §
                                        §
    v.               §    Case No:  CV-2022-900006
                                        §
WYATT D. DAVIS, individually;           §
SENIOR MOVING COMPANY, INC.,            §
a Foreign For Profit Corporation; et al.; §
                                        §
    Defendants.       §

---

### NOTICE OF SERVICE OF DISCOVERY

TO:    Clerk of Court

    COME NOW, the Plaintiffs by and through their undersigned counsel and hereby notifies

the Court that they have served all parties of record with the following discovery:

- **Plaintiffs' First Interrogatories and Request for Production of Documents and Things**

- **Plaintiffs' First Interrogatories and Request for Production of Documents and Things to Defendant Senior Moving Company, Inc.**

- **Notice of Taking the Deposition of Defendant Wyatt D. Davis**

- **Notice of Taking the Deposition of Kurt Macaluso**

- **Notice of Taking the Deposition of Senior Moving Company, Inc.**

CROSS & SMITH, LLC

s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

WATKINS CROSS, LLC

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the foregoing document on all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

/s/*Justin L. Smith*
Of Counsel

DOCUMENT 6



ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| **JAMES BOYD, as Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased; HAROLD TRUMAN PAGE, AS Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page, deceased; FREDERICK PAYNE, individually;** | § § § § § § § § § | |
| **Plaintiffs;** | § § | |
| **v.** | § § § | **Case No:  CV-2022-900006** |
| **WYATT D. DAVIS, individually; SENIOR MOVING COMPANY, INC., a Foreign For Profit Corporation; et al.;** | § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**COMES NOW** the Plaintiffs in the above-styled cause and request that

Defendant Wyatt D. Davis answer and respond to the following Interrogatories and

Request for Production of Documents within the time limits as set by the Alabama Rules

of Civil Procedure, to wit:

## <u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall be applicable to these

interrogatories:

1.      The term "you" or "your" shall mean this Defendant, its attorneys,

employees, agents or representatives and all persons acting on behalf of this Defendant.

In the event that there is more than one Defendant, the term "you" or "your" shall mean

the Defendants, separately and severally, their attorneys, employees, agents or representatives and all other persons acting on their behalf.

2.      The term "person" shall mean any individual, partnership, firm, company, association, corporation or other business, governmental, educational, legal or other entity.

3.      The term "document" shall mean any written, recorded, transcribed, punched, taped, filmed, graphically or otherwise reproduced material of any and all kinds or descriptions produced or reproduced.

4.      The term "address" shall mean the complete street, street number, city, state, post office or route, and box address of the subject person, as that term is applied in No. 2 above.

5.      The term "identify" or "identification" when used with reference to a person, shall mean to state the full name, and present or last known address of said person.  When used with reference to a document, the term "identify" or "identification" shall mean to state the document's date, author or signer, the full address of the author or signer, the type of document, and all other means of designating or describing said document, including, but not limited to, the present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state the disposition of said document and the reason for said disposition.

6.      The terms "occurrence" and "collision" shall mean the collision that occurred on July 26, 2021, as more particularly described in Plaintiffs' Complaint, in which your Jeep Wrangler crashed into he Honda HR-V FWD operated by Plaintiff Frederick Payne.

DOCUMENT 6

7.    The term "vehicle" shall mean the motor vehicle driven by Wyatt Davis on July 26, 2021, and which was involved in the collision.

8.    The term "electronically stored information" shall mean any writings, drawings, sketches, advertisements, e-mails, texts, messaging, social media messages, graphs, charts, photographs, sound recordings, images, software and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by this Defendant into a reasonably usable form.

These requests shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this Defendant or its attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of the case.

## INTERROGATORIES

1.    Please state your full name, your present address, your present telephone number, driver's license number and date of birth.

**ANSWER:**

2.    What type of vehicle were you driving at the time of the occurrence?

**ANSWER:**

3.    Please state the full and correct name, address and telephone number of each person or entity who or which was the owner of the vehicle at the time of the occurrence. If you were not the owner, please state each & every reason you were operating the vehicle.

**ANSWER:**

4.      Describe in detail how the occurrence happened.

**ANSWER:**

5.      Please state the name, address and telephone number of any and all witnesses you know of to the occurrence and/or of anyone who you have reason to believe, has or may have any knowledge whatsoever of any facts and/or any issues involved in the occurrence.

**ANSWER:**

6.      Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of said expert witness; qualifications of said expert witness; the opinions expected to be elicited from said expert witness and the facts upon which said expert will rely upon in forming said opinions.

**ANSWER:**

7.      In Plaintiffs' Complaint, Plaintiffs have alleged that they were injured and/or caused to die as a result of a vehicle negligently and/or wantonly operated by you in the occurrence.  Do you deny that you negligently and/or wantonly operated the vehicle you were driving on said occasion?  If so, please state specifically and in detail each and every fact upon which you base your denial.

**ANSWER:**

8.      Is it your contention or allegation that the occurrence was caused or contributed in any way by some person(s) and/or entity(ies) other than this Defendant?  If yes, please give the name and address of any and all such persons, and state specifically and in detail each and every fact upon which you base your contention with respect to each such person.

**ANSWER:**

9.      At the time and place of the occurrence, were you an insured under or covered by any policies of automobile liability insurance, including any primary, secondary, umbrella and/or excess policies?  If so, for each such policy, please state:

  a.   The name and addresses of the persons to whom the polices were issued;

  b.   The names and addresses of the insurers;

  c.   The policy numbers; and

  d.   The liability limitations of coverage in each policy.

**ANSWER:**

10.     Please state in detail everything you did in an attempt to avoid the occurrence.

**ANSWER:**

11.     What was the speed of your vehicle at the time of the occurrence?

**ANSWER:**

12.     What was the speed of your vehicle at the time you first saw the Plaintiffs' vehicle?

**ANSWER:**

13.     What was the speed of your vehicle immediately prior to the occurrence?

**ANSWER:**

14.     Had you had anything to drink with alcoholic content in the twelve (12) hours prior to the time of the occurrence?  If yes, (a) state how much alcohol you had to drink in the twelve (12) hours prior to the time of the occurrence; and (b) state the name

and address of the person who sold, gave, or otherwise disposed of liquors or alcoholic beverages to you.

> **ANSWER:**

15.     Did you talk with any person at the scene of the occurrence? If so, please give their names, address, and telephone number; and also state what you told each person at the scene of the occurrence.

> **ANSWER:**

16.     With respect to the trip you were making at the time of the occurrence, please state:

a.     The name and address of each and every person who had any interest in the trip;

b.     The nature of each such interest; and

c.     The connection of each person with the trip in question.

> **ANSWER:**

17.     At the time of the occurrence, were you acting with the scope of your employment? If so, who was your employer at the time of the occurrence and what were your job duties?

> **ANSWER:**

18.     Did you have a cellular telephone at the time of the occurrence? If yes, please also answer the following:

(a)     Did you have the telephone in the vehicle at the time of the occurrence?

(b)     What is/was the phone number of the cellular phone and what is/was the name of the cellular company that provided service for the cellular phone?

     (c)     What is/was the name on the account responsible for payment of the cellular telephone,

     (d)     Had you used the telephone for making a telephone call, receiving a telephone call, texting, surfing the internet or any other purpose in the 5 minutes prior to the occurrence?

     (e)     Were you using the telephone for making a telephone call, receiving a telephone call, texting, surfing the internet or for any other purpose when the occurrence happened?   If so, for what purpose were using the telephone?

**ANSWER:**

19.    At the time of the occurrence, had you ever had your motor vehicle operator's licenses revoked, suspended or withdrawn by the licensing authority?  If so, please describe such suspension in complete detail.

**ANSWER:**

20.    Just prior to the occurrence, was your attention distracted from the road ahead by anything whatsoever for any amount of time?  If so, please describe such distraction in complete detail.

**ANSWER:**

21.    Had you previously been involved in a motor vehicle collision of any kind in the five (5) years prior to the occurrence?  If so, please state when, where and how each collision occurred.

**ANSWER:**

22.    What had you done during the six hours immediately prior to the occurrence?

**ANSWER:**

23.     With respect to each person you expect to call as a lay witness upon the trial of this cause, please state with particularity the following: the full name, address, telephone number and place of employment of each lay witness.

**ANSWER:**

24.     Have you ever been convicted of any crime?  If so, please give the approximate date, the Court, the crime of which you were convicted, and the sentence imposed upon you.

**ANSWER:**

25.     Regarding any conversations that you have had with the Plaintiffs and/or anyone claiming to be acting on behalf of the Plaintiffs, please state:

    a.    the date of each conversation;
    b.    the names and addresses of each party to said conversation;
    c.    the names and addresses of any and all persons present during each conversation; and
    d.    what was said by each party in the conversation.

Attach to your answers to these Interrogatories copies of any documents and/or electronically stored information and/or sound recordings and/or video recordings which evidence or relate to each conversation.

**ANSWER:**

26.     Do you understand that the answers to these interrogatories are under oath?

**ANSWER:**


**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.     Please produce a color copy of your driver's license.

**RESPONSE:**

2.       Please produce a copy of any and all statements, whether recorded or written, taken of the Plaintiffs at any time or of anyone claiming to be acting on behalf of the Plaintiffs.

**RESPONSE:**

3.       Please produce a color copy of any and all photographs, videotapes and/or drawings of the vehicles involved in the occurrence, the scene of the occurrence and/or the Plaintiffs.

**RESPONSE:**

4.       Please produce a copy of any and all indemnity agreements relating to the occurrence in question between you and any person or entity, whether made prior to or subsequent to the occurrence.

**RESPONSE:**

5.       Please produce a copy of each and every insurance agreement under which any person carrying on an insurance business or entity may be liable to satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment rendered in this action.  This should include any primary and excess insurance policies and should include all portions of the policy including, but not limited to, the declaration page or pages.

**RESPONSE:**

6.       Please produce a color copy of each photograph, electronically stored information, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

**RESPONSE:**

7.      Please produce color copies of any and all documents, electronically stored information, or any other type of writings which evidence or relate to the vehicle, including but not limited to, any and all ownership records, rental agreements, rental contracts, and any and all writings, photographs, estimates, etc., concerning any damages sustained by the vehicle in the occurrence.

**RESPONSE:**

8.      Please produce a copy of any and all correspondence between you and any person and/or entity, other than your lawyer, relating to the occurrence. This request includes any and all text messages, e-mails, instant messages, letters and in any other form of correspondence relating to the occurrence.

**RESPONSE:**

CROSS & SMITH, LLC

/s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

WATKINS CROSS, LLC

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the foregoing document on all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

/s/Justin L. Smith
Of Counsel

DOCUMENT 7



ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| **JAMES BOYD, as Administrator** §<br>**and/or Personal Representative of the** §<br>**Estate of Linda Ann Boyd, deceased;** §<br>**HAROLD TRUMAN PAGE, AS** §<br>**Administrator and/or Personal** §<br>**Representative of the Estate of Myrtle** §<br>**Ruth Payne-Page, deceased;** §<br>**FREDERICK PAYNE, individually;** §<br> §<br> **Plaintiffs;** §<br> §<br>     **v.** §<br> §<br>**WYATT D. DAVIS, individually;** §<br>**SENIOR MOVING COMPANY, INC.,** §<br>**a Foreign For Profit Corporation;** §<br> §<br> **Defendants.** § | **Case No: CV-2022-900006** |

---

### PLAINTIFF'S FIRST INTERROGATORIES AND
### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS
### TO DEFENDANT SENIOR MOVING COMPANY, INC.

---

**COME NOW**, the Plaintiffs in the above styled and numbered cause, and requests that

the Defendant Senior Moving Company, Inc. ("Senior Moving Company") answer and respond,

to the following Interrogatories and Request for Production of Documents within the time limits

as set by the Alabama Rules of Civil Procedure, to wit:

### **DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these

Interrogatories:

1.  The term "you" or "your" shall mean this Defendant, its attorneys, employees,

agents, or representatives and all persons acting on behalf of this Defendant.  In the event that

there are more than one Defendant, the term "you" or 'your" shall mean the Defendant,

separately and severally, their attorneys, employees, agents, or representatives and all other persons acting on their behalf.

2.      The term "person" shall mean any individual, partnership, firm, company, association, corporation, or other business, governmental, educational, legal, or other entity.

3.      The term "document" shall mean any written, recorded, transcribed, punched, taped, filmed, graphically or otherwise reproduced material of any and all kinds or descriptions however produced or reproduced, including but not limited to any and all electronically stored or transmitted information, including e-mails, texts, etc.

4.      The term "address" shall mean the complete street, street number, city, state, post office or route, and box address of the subject person, as that term is applied in No. 2 above.

5.      The term "identify" or "identification" when used with reference to a person, shall mean to state the full name, and present or last known address of said person. When used with reference to a document, the term "identify" or "identification" shall mean to state the document's date, author or signer, the full address of the author or signer, the type of document, and all other means of designating or describing said document, including but not limited to, the present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state the disposition of said document and the reason for said disposition.

6.      The terms "occurrence" and "collision" shall mean the collision that occurred on July 26, 2021, as more particularly described in Plaintiffs' Complaint, in which your truck left the roadway and crashed into a cable barrier.

7.      The term "vehicle" shall mean the truck driven by Kurt Macaluso on July 26, 2021, and which was involved in the collision.

8.      The term "electronically stored information" shall mean any writings, drawings, sketches, advertisements, e-mails, texts, messaging, social media messages, graphs, charts, photographs, videos, sound recordings, images, software and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by this Defendant into a reasonably usable form.

These requests shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this Defendant or its attorney subsequent to your original response. Any such supplemental responses are to be filed and served upon counsel for Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of the case.

### INSTRUCTIONS

9.      These interrogatories and request for documents and things are continuing in nature which so as to require supplemental answers upon receipt of additional information and documents by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers and/or responses are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but no later than the first of the trial of this case.

10.     If a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.

11.     For a refusal to answer an interrogatory or to respond to a request for production stated on the grounds of burdensomeness, identify the number and nature of documents needed

DOCUMENT 7

to be searched, the location of the documents, and the number of person hours and costs required to conduct the search.

      12.    Answer each interrogatory on the basis of the entire knowledge of this Defendant, including information in the possession of this Defendant and any of his/her agents.

      13.    If an interrogatory cannot be answered in full, answer to the extent possible and specify reasons for inability to answer.

      14.    Please bate stamp all documents produced.  If you choose to refer to any documents in response to any interrogatory or request, please identify the documents specifically by bate stamp number and/or numbers.

## INTERROGATORIES

      1.    Has this Defendant been properly designated as a party Defendant insofar as the legal designation of its name is concerned?  If not, please state how this Defendant is to be properly designated as a party Defendant in an action of law.

      **ANSWER:**

      2.    Please give the names, addresses and positions/titles of each and every person answering these interrogatories and/or providing any information from which the answers to these interrogatories are based.

      **ANSWER:**

      3.    Please state the name, address and telephone number of any and all witnesses you know of to the collision or of anyone who you know, or that you have reason to believe, has or may have any knowledge whatsoever of any facts or any material issues involved in the said collision, and/or in this lawsuit.

      **ANSWER:**

4.      Please state whether or not you expect to call any expert witnesses in the defense of this case and, if so, please state the name and address of said expert witness; qualifications of said expert witness; the opinions expected to be elicited from said expert witness and the facts upon which said expert will rely upon in forming said opinions.

**ANSWER:**

5.      Please state the make, type, model, weight, vehicle identification number (VIN), owner, lessor, or borrower and present whereabouts of the truck being operated by Kurt Macaluso on July 26, 2021, at the time of the collision.

Please attach copies of any and all documents and/or electronically stored information that relate to the purchase, ownership, or lease of the truck.

**ANSWER:**

6.      Please state the make, type, model and vehicle identification number (VIN) of each type of delivery trucks used for the delivery of products distributed and/or transported by this Defendant that were in use during the month of July 2021, including in your answer a designation of which types of delivery trucks were in use during the month of July 2021. This request includes all delivery vehicles kept in the Defendant's fleet.

**ANSWER:**

7.      State the full correct name, address and telephone number of each person or entity who or which owned any cargo and/or products and/or materials that were being transported, and/or had been transported within the past twelve (12) hours, in the truck being operated by Kurt Macaluso on July 26, 2021, at the time of the collision and specifically describe said cargo and/or products and/or materials. Include in your answer the name, address and telephone number of any other persons or entities who had any interest in the mission.

**ANSWER:**

8.     State the name, address, and telephone number of each person or entity who or which performed any maintenance, repair work, service work, mechanical work, and/or safety inspections for six (6) months before the collision, on the truck involved in the collision and for each state:

> a.     A detailed and specific description of the maintenance, service work, repair work, mechanical work, and/or inspection performed;
>
> b.     Each date performed; and
>
> c.     The person or entity performing said work.

Please attach copies of any and all documents, work orders, service records, maintenance records, repair records, photographs, invoices, safety check lists, or any other writings and/or other documents and/or electronically stored information which relate to said maintenance, service work, repair work, mechanical work, and/or safety inspections.

**ANSWER:**

9.     Please state the full and correct name, address and telephone numbers of any and all employers of Kurt Macaluso on July 25, 26, 2021.

**ANSWER:**

10.     Please state the following in regard to Kurt Macaluso's employment with this Defendant and/or any previous employer;

> a.     The term of employment of Kurt Macaluso;
>
> b.     Number of years employed;
>
> c.     Any and all positions and job titles held by Kurt Macaluso during his term of employment;
>
> d.     Duties and responsibilities;

    e.      Work hours;

    f.      Name, title and address of the supervisor for Kurt Macaluso; and

    g.      If applicable, the reason or reasons Kurt Macaluso is no longer employed by you.

Please attach copies of the entire employment file and/or personnel file for Kurt Macaluso, including any such files that were received from any previous employers.

**ANSWER:**

11.    Please describe and explain in detail the method of calculating Kurt Macaluso's pay, compensation, wages, salary, bonus, and/or commission on the day of the collision and one year prior.

Please attach copies of any and all documents and/or electronically stored information that relate to the calculation of Kurt Macaluso's pay, compensation, wages, salary, bonus, and/or commission.

**ANSWER:**

12.    Please describe all pre-employment and employment related education, training and/or experience that this Defendant provides or requires for its truck drivers/operators.

Please attach copies of any and all documents and/or electronically stored information that relate to education, training and/or experience provided and/or required by this Defendant for its truck drivers/operators.

**ANSWER:**

13.    Please list the date and substance of any and all traffic violations and automobile accidents of which you were aware or which you had either actual or constructive notice regarding Kurt Macaluso, prior to July 26, 2021.

**ANSWER:**

14.     Please list each and every assignment given to Kurt Macaluso to be performed on July 25, 26, 2021.

Please attach copies of any and all documents and/or electronically stored information that relate to each and every assignment given to Kurt Macaluso to be performed on July 25, 26, 2021.

**ANSWER:**

15.     Please describe fully and completely the mission that Kurt Macaluso was carrying out while upon Interstate 20/59 in Greene County, Alabama on July 25, 26, 2021.  In particular, please state the departure time and expected arrival time for each destination point before and after the collision.  Include in your answer the purpose of the trip being made by Kurt Macaluso at the time of the collision, and state from what point the trip started, detailing all stops made prior to the collision and the final intended destination of the trip.

Please attach copies of any and all trip tickets, receipts, delivery tickets, invoices, and/or other writings and/or other documents and/or electronically stored information that relate to the mission that Kurt Macaluso had carried out, was carrying out, and/or intended to carry out while upon Interstate 20/59 in Greene County, Alabama on July 25, 26, 2021.

**ANSWER:**

16.     Please describe fully and in complete detail any alcohol or drugs, prescription and non-prescription medication, and the amount in ounces and/or milligrams, which Kurt Macaluso ingested within twenty-four (24) hours prior to the collision.

**ANSWER:**

DOCUMENT 7

17.     At the time and place of the collision were you an insured under or covered by any policies of automobile/truck liability insurance, including any primary, umbrella and/or excess policies?  If so, for each such policy, state:

      a.      The names and addresses of the persons to whom the policies were issued;

      b.      The names and addresses of the insurers;

      c.      The policy numbers;

      d.      The liability limitations of coverage in each policy; and

      e.      The amount of any Self-Insured Retention (SIR).

Please attach copies of any and all policies of insurance referenced in answer to this interrogatory.

**ANSWER:**

18.     Please describe specifically and in detail your understanding of how the collision occurred.

**ANSWER:**

19.     Immediately following the incident of July 26, 2021, please state:

      a.      The names and address of the person at Senior Moving Company who was first notified of the collision;

      b.      The date, time, and method by which this person was notified;

      c.      Whether anyone at Senior Moving Company created a written record of the notification, and if so, whom;

      d.      Is this record kept in any Vehicle Accident Investigation File or its equivalent; and

      e.      Is this record kept in the ordinary course of business.

DOCUMENT 7

Please attach copies of any and all documents and/or electronically stored information that relate to this notification, the collision and/or a Vehicle Accident Investigation File or its equivalent.

**ANSWER:**

20.   Please state specifically and in detail any and all activities by Kurt Macaluso from the time the truck crashed into the cable barrier until the Alabama State Troopers arrived at approximately 6:40 a.m. on July 26, 2021.

Please attach copies of any and all documents and/or electronically stored information that relate to this time period and/or the activities of Kurt Macaluso.

**ANSWER:**

21.   At the time of this occurrence, was the cab equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, and/or a GPS produced manufactured by any other company?  If yes, please state the name(s) of the device(s) and/or system(s).

**ANSWER:**

22.   Has Senior Moving Company, and/or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision?  If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

Please attach copies of any statements and any and all documents and/or electronically stored information relating to said statement.

**ANSWER:**

23.    Do you contend that Plaintiffs were contributorily negligent, assumed the risk, or otherwise acted in any manner so as to cause or contribute to the collision?  If so, please state specifically and in detail each and every fact upon which you base your contention.

**ANSWER:**

24.    Is it your contention or allegation that the collision was caused or contributed to in any way by some person(s) or entity(ies) other than this Defendant?  If yes, please give the name and address of any and all such persons or entities, and state specifically and in detail each and every fact upon which you base your contention with respect to each such person or entity.

**ANSWER:**

25.    Do you deny that Kurt Macaluso was an agent, servant and/or employee of Senior Moving Company and acting within the line and scope of the agency, service, and/or employment when the collision happened on July 26, 2021?  If yes, please state specifically and in detail the nature and extent of any relationship between Kurt Macaluso and Senior Moving Company.

**ANSWER:**

26.    Please provide all cellular phone numbers for any cellular phone and/or cellular device used by Kurt Macaluso and the service provider for each cellular phone and/or cellular device for the time period July 1, 2021 through July 31, 2021.

**ANSWER:**

27.    At any time during the trip on the date of the collision and/or within thirty (30) minutes before or after the collision did Kurt Macaluso make and/or receive any phone call from any cellular phone and/or wireless communication device and/or send or receive any text

messages, social media messages, emails and/or any of form of electronic communication?  If so, please state:

    a.   The name, address and phone number of the person he either called and/or received a call from and/or texted and/or emailed and/or messaged:

    b.   The time of said call, text, email, and/or message;

    c.   The phone number of the cellular phone and/or other wireless device of which he made and/or received any calls, texts, e-mails and/or messages;

    d.   The name and address of the cellular company which provided service for the cellular phone and/or wireless device; and

    e.   The account number and the name of the individual(s) whose name the account(s) is/are listed under.

**ANSWER:**

28.    Please explain in detail the relationship between this Defendant and Penske Truck Leasing Company, including in your answer any and all relevant dates regarding any transactions between these parties.

Please attach copies of any and all documents and/or electronically stored information that relate to the relationship between this Defendant and Penske Truck Leasing Company.

**ANSWER:**

29.    Do you understand that the answers to these interrogatories are under oath and may be used as evidence at the trial of this case?

**ANSWER:**

DOCUMENT 7

## REQUEST FOR ADDITIONAL DOCUMENTS AND THINGS

That this Defendant produce for inspection and copying to the law firm of Cross & Smith, LLC, 907 17th Avenue, Tuscaloosa, AL 35401, the following documents in your possession, custody and/or control:

1. Any and all documents, standards, treatises, notes, statements, writings or any other documents upon which your expert, if any, relies in forming his opinions.

2. Any and all reports or other writings submitted to the Defendant or to the Defendant's counsel by any expert relating to the collision.

3. Any and all photographs, video tapes, exhibits, drawings or any other documents which the Defendant expects to use as evidence in the trial of this case.

4. Copies of any and all documents and/or electronically stored information that relate in any way to the truck that were involved in the collision including, but not limited to, purchase and/or sale documents, lease documents, repair documents, maintenance documents, service documents, safety inspections, ICC certificates or permits, and/or any other documents and/or electronically stored information that relate to the condition of the vehicle at any time.

5. Copies of any and all documents and/or electronically stored information that relate in any way to the departure, all destinations, and/or purpose(s) of the trip being made by Kurt Macaluso at the time of the collision.

6. Copies of any and all statements, whether written statements, oral statements or typed transcriptions of oral statements made by anyone claiming to be acting on behalf of the Plaintiffs, to anyone relating to the collision on July 26, 2021, and/or injuries of the Plaintiffs.

DOCUMENT 7

7.      Copies of any and all statements, whether written statements, oral statements or typed transcriptions of oral statements, of any witnesses or any other person having any knowledge whatsoever of the collision.

8.      Copies of any photographs or videotapes of the scene of both collisions, and/or of any of the vehicles involved in both collisions, and/or the Plaintiffs that are described in paragraphs 9-11 of the Complaint.

9.      Copies of any and all rules, regulations, guidelines or other authoritative materials upon which you have consulted or intend to rely upon in the defense of this case.

10.     Copies of each and every document which evidences or relates to Kurt Macaluso, including, but not limited to copy of his driver's license, CDL file, employment application, employment contract, employment file, personnel file, driver qualification file, completion of any required education, training or experience as a truck driver/operator, complaints and/or grievances, disciplinary actions, written reprimands, driving record, drug and alcohol testing results and/or any other document and/or electronically stored information that relates to Kurt Macaluso.

11.     Copies of any and all indemnity agreements relating to the collision in question between you and any other persons or entities, whether made prior to or subsequent to the collision in question.

12      Copies of any and all documents or other type of writings and/or electronically stored information which evidence or relate to any and all policies, procedures, standard operating procedures (SOP), rules, regulations, guidelines, directions, instructions, safety tips, warnings, etc. which applied to truck drivers/operators employed by this Defendant and to trucks owned or leased and used by this Defendant.

DOCUMENT 7

13.     Complete copy of any and all correspondence, memorandums, facsimiles, e-mails, reports, data, inspections, etc. produced by and/or received by this Defendant to/from anyone in reference to the collision on July 26, 2021.

14.     Copies of any and all liability insurance policies, including any secondary, excess or umbrella policies that provide coverage for the claims against you as asserted in Plaintiffs' Complaint.

15.     Copies of dispatcher entries, invoices, trip tickets, receipt/delivery tickets or any other documents and/or electronically stored information that relate in any way to the receipt, transport, and/or delivery of any products or materials by Kurt Macaluso for seventy-two (72) hours prior to the time of the collision.

16.     Copies of any documents and/or electronically stored information that relates to the speed of the truck involved in the collision at any time on July 26, 2021.

17.     Copies of any and all documents and/or electronically stored information generated or provided by Senior Moving Company that relate in any way to the transport and delivery of any products and/or materials, trucks used by this Defendant, and truck drivers/operators employed by this Defendant.

18.     Please produce any and all accident and/or incident reports and investigations prepared by this Defendant as a result of the collision other than the police report.

19.     Please produce the entire drug and alcohol file of Kurt Macaluso including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol texting results.

20.     Please produce the entire safety performance history file for Kurt Macaluso.

21.     Please produce any other file kept concerning Kurt Macaluso.

---

Plaintiff's First Interrogatories and Request for Production of Documents                    15

DOCUMENT 7

22.     Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Kurt Macaluso for the five years prior to the collision.

23.     Please produce any and all state safety audits of Kurt Macaluso for the year of this collision and three years prior.

24.     Please produce copies of any documentation evidencing the completion or non-completion of training program and driver orientation programs by Kurt Macaluso.

25.     Please produce a copy of the completion or non-completion of any safe driving programs by truck drivers/operators employed by this Defendant.

26.     Please produce a copy of the driver manual or handbook issued to truck drivers/operators employed by this Defendant.

27.     Please produce a copy of the company safety rules issued to ttruck drivers/operators employed by this Defendant.

28.     Please produce the Permanent Unit File, or its equivalent, including, but not limited to records relating to the repairs, maintenance, and costs for the truck involved in the incident of July 26, 2021.

29.     Copies of any and all documents and/or electronically stored information that relate in any way to safety in the transport and delivery of any products or materials, safety as it relates to maintenance of trucks used for delivery of any products or materials and safety as it relates to truck drivers/operators.

30.     Copies of any and all documents and/or electronically stored information. that relate to improvements in Route-to-Market Safety.

31.     Copies of any and all cell phone policies for the past five (5) years.

DOCUMENT 7

32.    Copies of any and all documents and/or electronically stored information that relate to route risk assessments, defensive driver training, policies, standards and/or requirements.

33.    Copies of any and all fleet safety policies for the past five (5) years.

34.    Copies of any and all documents and/or electronically stored information that relate to Drive Cam video safety programs.

35.    As to any documents or tangible thing which you have withheld from production on the grounds that (i) it was prepared in anticipation of litigation or for trial, (ii) it is work product, (iii) it is privileged, please identify each document or tangible thing and answer the following concerning it:

    a.    description of what the document is;

    b.    name, address, and employer of the author of the document, or the person taking the statement or the like;

    c.    the subject of the document;

    d.    persons indicated thereon as having received copies;

    e.    the purpose for which the document was created and transmitted;

    f.    degree of confidentiality with which it was treated both at the time of its creation and transmission, and since that time; and

    g.    any other facts relevant to the elements of the particular privilege asserted.

CROSS & SMITH, LLC

/s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

DOCUMENT 7

WATKINS CROSS, LLC

*/s/ Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the foregoing document on all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

*/s/Justin L. Smith*
Of Counsel

DOCUMENT 8



ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| JAMES BOYD, as Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased; HAROLD TRUMAN PAGE, AS Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page, deceased; FREDERICK PAYNE, individually; | §§§§§§§§§ |  |
| **Plaintiffs;** | §§ |  |
| v. | §§ | Case No:  CV-2022-900006 |
| WYATT D. DAVIS, individually; SENIOR MOVING COMPANY, INC., a Foreign For Profit Corporation; et al.; | §§§§ |  |
| **Defendants.** | § |  |

## NOTICE OF TAKING THE DEPOSITION OF DEFENDANT WYATT D. DAVIS

You are hereby notified that the Plaintiffs will take the testimony by deposition upon oral examination for the purpose of discovery or for use as evidence in this cause, or for both purposes, in accordance with the statutes and rules provided, of the following named person, to wit:

### WYATT D. DAVIS

**DATE AND TIME:**   Said deposition is to be taken on a date and time to be mutually agreed on between the parties and from time to time thereafter as said deposition may be continued for completion

**PLACE:**   Said deposition is to be taken at a place mutually agreed on between the parties

**PERSON BEFORE WHOM TAKEN:**   Said deposition shall be taken before a court reporter, or before some officer authorized by law to take depositions

Said oral examination will continue from time to time until completed.  You are invited
to attend and cross-examine.

**CROSS & SMITH, LLC**

s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

**WATKINS CROSS, LLC**

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the
foregoing document on all parties to this proceeding by mailing the same by United States mail,
properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

/s/Justin L. Smith
Of Counsel

DOCUMENT 9

ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | | |
|---|---|---|
| JAMES BOYD, as Administrator and/or Personal Representative of the Estate of Linda Ann Boyd, deceased; HAROLD TRUMAN PAGE, AS Administrator and/or Personal Representative of the Estate of Myrtle Ruth Payne-Page, deceased; FREDERICK PAYNE, individually; | § § § § § § § § | |
| **Plaintiffs;** | § § § | |
| v. | § § | Case No: CV-2022-900006 |
| WYATT D. DAVIS, individually; SENIOR MOVING COMPANY, INC., a Foreign For Profit Corporation; et al.; | § § § § | |
| **Defendants.** | § | |

---

### NOTICE OF TAKING THE DEPOSITION OF KURT MACALUSO

---

You are hereby notified that the Plaintiffs will take the testimony by deposition upon oral examination for the purpose of discovery or for use as evidence in this cause, or for both purposes, in accordance with the statutes and rules provided, of the following named person, to wit:

### KURT MACALUSO

| | |
|---|---|
| **DATE AND TIME:** | Said deposition is to be taken on a date and time to be mutually agreed on between the parties and from time to time thereafter as said deposition may be continued for completion |
| **PLACE:** | Said deposition is to be taken at a place mutually agreed on between the parties |
| **PERSON BEFORE WHOM TAKEN:** | Said deposition shall be taken before a court reporter, or before some officer authorized by law to take depositions |

Said oral examination will continue from time to time until completed.  You are invited to attend and cross-examine.

CROSS & SMITH, LLC

s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

WATKINS CROSS, LLC

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the foregoing document on all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

/s/*Justin L. Smith*
Of Counsel

 ELECTRONICALLY FILED
2/1/2022 1:54 PM
35-CV-2022-900006.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
VERONICA MORTON-JONES, CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

| | |
|---|---|
| JAMES BOYD, as Administrator § <br> and/or Personal Representative of the § <br> Estate of Linda Ann Boyd, deceased; § <br> HAROLD TRUMAN PAGE, AS § <br> Administrator and/or Personal § <br> Representative of the Estate of Myrtle § <br> Ruth Payne-Page, deceased; § <br> FREDERICK PAYNE, individually; § <br> § <br>    Plaintiffs; § <br> § <br>        v. § <br> § <br> WYATT D. DAVIS, individually; § <br> SENIOR MOVING COMPANY, INC., § <br> a Foreign For Profit Corporation; et al.; § <br> § <br>    Defendants. § | Case No: CV-2022-900006 |

## NOTICE OF TAKING THE DEPOSITION OF
## SENIOR MOVING COMPANY, INC.

Please take notice that, pursuant to Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure, Plaintiffs will take the deposition of Defendant Senior Moving Company, Inc., a foreign for profit corporation, upon oral examination for the purpose of discovery and/or for use as evidence in this cause, or for both purposes, before an officer authorized to administer oaths and take depositions.

The deposition will be conducted at a time and place to be mutually agreed upon between the parties.

The examination will continue from day to day until completed.  You are invited to attend and cross-examine.

Pursuant to Rules (30)(b)(5) and (6), Senior Moving Company shall designate one or more officers, directors, managing agents, employees and/or other person(s) who are the most knowledge of the following matters as well as any related matters.  The matters on which examination is requested and documents requested are:

1.      Testimony and documents evidencing or relating to the incorporation, corporate structure, organization, corporate history and general nature of the business or businesses conducted by Senior Moving Company.

2.      Testimony and documents evidencing or relating to the allegations made the subject of Plaintiffs' Complaint.

3.      Testimony and documents evidencing or relating to each and every question, including subparts, and each and every document requested in Plaintiffs' First Interrogatories And Request For Production Of Documents And Things To Defendant and each answer, including supplemental and/or amended answers and/or any documents or charts referenced in any answer to interrogatories and each document produced in response.

4.      Testimony and documents evidencing or relating to any of the facts and/or counts made the basis of Plaintiff's Complaint.

5.      Pursuant to Rule 30(b)(5), Plaintiffs request that, at the time and place of taking said deposition, said corporation produce for inspection and copying all of the original documents produced in response to Plaintiffs' request for production of documents and things and a copy of each note, memorandum, item of correspondence, or any other documents or evidence relating to all matters described above as they relate to the occurrence made the basis of plaintiff's complaint, excluding any such documents which are protected by work product and/or attorney-client privilege rules.

6.      Testimony and documents evidencing or relating to this Defendant's business,

legal, corporate and/or contractual relationship with the other named Defendants in this case.

CROSS & SMITH, LLC

s/ *Justin L. Smith*
Silas G. Cross, Jr. (CRO049)
Justin L. Smith (SMI273)
907 17th Avenue
Tuscaloosa, AL 35401
(205) 391-9932 (telephone)
(205) 391-9557 (facsimile)
dell.cross@crossandsmith.com
justin.smith@crossandsmith.com

WATKINS CROSS, LLC

/s/ *Nathan G. Watkins, Jr.*
Nathan G. Watkins Jr. (WAT-013)
Richard G. Cross (CRO-062)
Post Office Box 1528
Livingston, AL 35470
Telephone: (205) 652-1291
Facsimile: (205) 652-1292
nwatkins@watkinscross.com
rcross@watkinscross.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of February 2022, served a copy of the foregoing document on all parties to this proceeding by mailing the same by United States mail, properly addressed and first class postage prepaid.

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466

Senior Moving Company, Inc.
c/o James G. Littlejohn, Jr., Registered Agent
3221 Garden Brook Drive
Farmers Branch, TX 75234

/s/*Justin L. Smith*
Of Counsel

USPS TRACKING #

9590 9402 5704 9286 0274 60

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Veronica Morton-Jones
Circuit and District Court Clerk
P.O. Box 307
Eutaw, AL 35462



**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wyatt D. Davis
1025 Old Highway 11
Picayune, MS 39466



9590 9402 6286 0274 8993 60

2. Article Number *(Transfer from service label)*

7020 2450 0000 0641 5707

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Wyatt Davis*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

*Wyatt Davis*

C. Date of Delivery

2-11-22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

Carriere, MS
39426

CV-2022-900006

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
  Insured Mail Restricted Delivery
  over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt